UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA FLORES,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 8:15-cv-1025 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

In this social security benefits case, Flores raises two claims of error: (1) that the administrative law judge ("ALJ") had a duty to call for a consultative examiner, and (2) that the ALJ relied on an improper reason for finding her not to be credible. The Court disagrees, and accordingly, affirms the Commissioner's determination that Flores is not disabled.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), this Court reverses only if the Commissioner's "decision was not supported by substantial evidence in the record as a whole or if the [Commissioner] applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion," and "must be 'more than a mere scintilla,' but may be less than a preponderance." *Id.* at 1110-11; *see Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted). This Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996)). If "the evidence is susceptible to more than one rational interpretation, we must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111.

## DISCUSSION

### I. The ALJ Was Not Obligated to Order a Consultative Examiner.

Admitting that the records "detail[] all of the physical impairments plaintiff complained about," Flores argues that the ALJ nonetheless bore a duty to order a consultative examiner at taxpayer cost, even though Flores, represented by the same counsel representing her here, never challenged the state of the record during proceedings before the Commissioner. That claim fails.

The Court will assume that the issue is not waived, even though Ninth Circuit case law strongly points in the opposite direction. *See, e.g.*, *Phillips v. Colvin*, 593 Fed. App'x 683, 684 (9th Cir. Feb. 13, 2015) ("This issue was waived by Phillips's failure to raise it at the administrative level when he was represented by counsel, and Phillips has not demonstrated manifest injustice excusing the failure."); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.), as amended (June 22, 1999) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). Even with that counterfactual assumption, Flores identifies no reason why a consultative examiner would have been helpful, let alone necessary.

Yes, the ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered"—even though presumably counsel shares responsibility. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). That duty has its limits though, and only creates reversible error when "there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *McLeod v. Astrue*, 634 F.3d 516, 520 (9th Cir. 2011); *see Chaudhry v. Astrue*, 688 F.3d 661, 669 (9th Cir. 2012). Here, Flores points to no ambiguities at all. As for adequacy, Flores's strongest statement is that "[h]ad the ALJ sent plaintiff out for a CE, he *may* have come to a different conclusion regarding plaintiff's physical impairments and restrictions on plaintiff's ability to perform work-related activities." [Dkt. 18 ("Pl.'s Br.") at 3 (emphasis added).] This hardly shows inadequacy, especially because "the Commissioner has broad latitude in ordering a consultative examination." *Reed v. Massanari*, 270 F.3d 838, 834 (9th Cir. 2001). Contrary to Flores's argument, broad discretion does not equal "whenever only non-examining physician opinions exist." Nor was a consultative examiner necessary for the Commissioner to have substantial evidence to find Flores not to be disabled, in light of a non-examining physician opinion supported by objective record evidence.[1] *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"); *e.g.*, *Sportsman v. Colvin*, No. 13-36063, 2016 WL 146030, at *1 (9th Cir. Jan. 11, 2016) (citing

---

[1] The Court need not examine whether substantial evidence supports the Commissioner's decision, as Flores does not raise such a challenge, and in fact, stipulates that "the Administrative Law Judge fairly and accurately summarizes the medical evidence contained in the Administrative Record with the exception of that disputed[.]" [Pl.'s Br. at 2.]

3

*Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) for finding that the opinion of a non-examining medical source "may constitute substantial evidence when it is consistent with other independent evidence in the record"). This first challenge is easily rejected.

## II. The ALJ Properly Determined that Flores Was Not Credible.

Flores's second complaint is also without merit. "Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. Nov. 3, 2015) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)).

Here, the ALJ relied on three reasons for concluding that Flores was less than full credible: (1) Flores's treatment history (or lack thereof); (2) Flores's daily activities; and (3) inconsistency with objective medical evidence. Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

The ALJ's reliance on Flores's treatment history was a clear and convincing reason for finding her less than fully credible. It is settled law that an ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" to bear on a claimant's credibility. *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."). The ALJ found, and Flores does not

challenge, that she received no treatment before June 2011, despite alleging the onset of disability as of 2002. [Admin. Rec. ("AR") 25.] That alone constitutes a clear and convincing reason for finding Flores's claims of disabling conditions exaggerated. Flores does not even address this finding, let alone argue it is unsupported by substantial evidence. The Court's analysis could end here.

    The ALJ also found that, once Flores received treatment in 2011 for her diabetes mellitus and neuropathy, those ailments could be controlled, and that her other pain could be controlled by over-the-counter medications. [AR 25.] Although the parties dispute precisely how controlled Flores's symptoms are, the record contains no clear evidence that her pain symptoms or neuropathy required more serious pain management, or that her diabetes requires more than routine treatment. "Where 'the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ].'" *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The ALJ's conclusion falls within the scope of determinations that the ALJ was reasonably entitled to make on the record before him. *See, e.g.*, *Tommasetti*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming adverse claimant credibility finding where physical therapy and medication were deemed conservative treatment); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[P]hysical ailments were treated with an over-the-counter pain medication. We have previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); *see Sedillo v. Colvin*, No. 14-15560, 2016 WL 1128040, at *1 (9th Cir. Mar. 23, 2016) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of considering eligibility for SSI benefits." (quoting *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006)). The Court will therefore not disturb the Commissioner's conclusions, which are supported by substantial evidence. *See Molina,* 674 F.3d at 1111.

**CONCLUSION**

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

**IT IS HEREBY ORDERED.**

DATED: March 28, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE